# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

EARNEST H. KELLUM, JR.,           )
                                  )
                                  )
           Plaintiff,             )
                                  )
v.                                )     No.  06-CV-108-SAJ
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security   )
Administration,[1/]               )
                                  )
           Defendant.             )

## OPINION AND ORDER[2/]

Pursuant to 42 U.S.C. § 405(g), Claimant appeals the decision of the Commissioner denying Disability Insurance benefits sought pursuant to Title II and Part A of Title XVIII of the Social Security Act.[3/] Claimant asserts he became unable to work because of his disabling condition, arthritis in feet, shoulders, back and not much strength in hands, on March 22, 2004, and continues to be unable to work. The Court finds the decision of the Commissioner should be affirmed.

## 1. FACTUAL AND PROCEDURAL HISTORY

---

[1/]   Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section  42 U.S.C. § 405(g) of the Social Security Act.

[2/]

This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

[3/]

Administrative Law Judge Richard A. Say (hereafter "ALJ") concluded that Claimant was not entitled to a period of disability or Disability Insurance Benefits by decision dated July 21, 2005. [R. 13-17].  Claimant appealed the decision by the ALJ to the Appeals Council.  The Appeals Council issued a notice on December 19, 2005, stating that the ALJ's  decision denying benefits to Claimant is the final decision of the Commissioner.

Claimant filed his current application for Supplemental Security Income on March 22, 2004, alleging he became disabled on March 22, 2004. Hearing was held on June 8, 2005 and decision entered July 21, 2005. Claimant timely completed the procedural processes necessary to pursue his claim. Claimant submitted additional documentation to the Appeals Council, which was considered in its decision. Following entry of the final decision of the Appeals Council affirming the ALJ's denial of benefits, Claimant now seeks judicial review pursuant to 42 U.S.C. § 405(g).

Claimant was a 57 year old male with a high school degree and two years of college at time of hearing. Claimant appeared with counsel Arthur Adams and gave testimony. A. Glen Marlowe, Vocational Expert, also testified. The facts set forth in the decision of the ALJ are substantiated by the record except where indicated herein.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[4]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner. *Qualls v. Apfel*, 206 F.3d 1368 (10th Cir. 2000); *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[5] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type

---

[4] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

[5] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### 3. ISSUES ON APPEAL

Claimant urges the ALJ incorrectly determined Claimant failed to suffer from a sever impairment as defined in 20 C. F. R. §404.1520(c) at Step 2. Claimant asserts the ALJ completely rejected the medical evidence submitted by Claimant and wholly failed to support his findings. Commissioner counters that substantial evidence of record supports the Commissioner's final decision that Claimant was not entitled to Disability Insurance Benefits and that the appropriate legal standard was applied by the ALJ.

Claimant has a work history of refueling, washing, cleaning out and parking returned rental trucks until July 15, 2003, when he alleges his arthritis made it impossible for him to continue work. Other prior employment was as a machinist, making small parts from blueprints. Claimant stated at hearing that he lifted up to 30 pounds in this job [R. 200] but he attested to the heaviest weight being lifted as 10 pounds in his Work History Report [R. 81]. On the report he also attested he did very little lifting, carrying small parts to the machine.

Claimant asserts in his reply brief that he cannot return to his past relevant work and therefore, Social Security ruling 85-28 requires reversal. This states:

> "[i]f the medical evidence establishes only a slight abnormality(ies) which has no more than a minimal effect on a claimant's ability to do basic work activities, but evidence shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate.

There was substantial evidence based upon the Claimant's own inconsistent statements and the objective medical evidence that Claimant could perform his past relevant work as a machinist. This ruling is therefore inapplicable.

Claimant reported he had been a calf roper as a hobby in the past but the record did not indicate specific dates. It did indicate Claimant still cleaned his barn and regularly drove to the feed store for supplies and feed, although he indicated he did not load or unload his feed store purchases. Claimant and his wife worked as ministers for Rogers Chapel in Slick, Oklahoma at the time of the hearing. He stated he was being paid $200 a week for his ministry but had asked the church to reduce his pay to $150 a week without further explanation in March, 2004. He also served as Chaplin for a service organization.

Claimant's medical history reveals a history of complaints regarding pain to various parts of his body. Claimant was examined on March 3, 2003 by Dr. Bowler and requested pain medication for lower back pain. Claimant exhibited tenderness in his lumbar spine upon palpitation. Claimant was diagnosed with degenerative joint disease of the lumbar spine and pain medication was prescribed. An MRI taken at Hillcrest Hospital two years earlier, in 2001, following complaints of low back pain showed no spinal stenosis or compression of the thecal sac or nerve roots. Also included in the record is a report from

Hillcrest Outpatient Imaging Services from 1998 in which three x-rays of the left foot were taken, demonstrating no abnormality.

Claimant did not seek medical treatment from March, 2003 until December 23, 2003, at which time the veteran was seen for the first time at the VA clinic in Tulsa. Intake reports indicate he reported low back pain for at least 10 years, which the Viox he was taking was not helping. Claimant reported he had been advised he had arthritis. A lumbar spine x-ray was taken in January, 2004, which revealed mild degenerative disk disease with no acute findings. In February, 2004, his pain medication was changed after he reported the medication he was taking was not working.

In May, 2004 Claimant returned to the VA clinic with pain in both wrists. He stated the pain medication was helping with his back pain and he was "doing fine overall." He was seen again in July, 2004 for swollen wrists. Ten months later, in May, 2005 he returned with complaints of increased pain in both wrists and fingers. Claimant reported his pain medication was working well and it was continued. Notes from return visits thereafter indicate Claimant reported his pain medications were working. Diagnoses beyond those originally made never changed. The Court also notes that Claimant's last medical records, dated August 29, 2005, indicate additional x-rays were ordered of the neck. However, no x-ray results were included in the records submitted to the Appeals Council for consideration. Further, no treating physician opined that Claimant was disabled.

Based upon this medical record, the ALJ found that Claimant's alleged limitations and restrictions could not be accepted as consistent with the objective medical evidence. The ALJ concluded Claimant does not have a severe impairment as defined in 20 C.F.R. §§ 404.1520. This Court agrees.

At Step 2, it is Claimant's burden to establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. In the case at bar, the ALJ found the objective medical evidence could not be reconciled with Claimant's subjective assessment of his limitations.

The ALJ correctly discussed and applied the legal standards for evaluating pain as addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which 'could reasonably be expected to produce' the alleged pain." Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165

("For example, we have noted a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor, and the possibility that psychological disorders combine with physical problems. The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

The mere existence of pain is insufficient to support a finding of disability. The pain must be considered "disabling." *Gosset v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) ("Disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment."). Furthermore, credibility determinations by the trier of fact are given great deference. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Credibility determinations in particular lie in the domain of the finder of fact, and the ALJ's finding is afforded deference as a result. *See McGoffin v. Barnhart*, 288 F.2d 1248, 1254 (10th Cir. 2002).

### 4. CONCLUSION

The Court concludes substantial evidence supports the ALJ's determination. The Court finds the ALJ applied the proper legal standards to reach his determination and the decision of the ALJ should be affirmed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the decision of the Commissioner is affirmed.

DATED THIS 21st DAY OF SEPTEMBER, 2007.

Sam A. Joyner
United States Magistrate Judge